# SUPREME COURT OF THE UNITED STATES

## DANNY LEE HILL *v.* TIM SHOOP, WARDEN

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 21–6428.  Decided June 30, 2022

The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, with whom JUSTICE BREYER and JUSTICE KAGAN join, dissenting from the denial of certiorari.

Petitioner Danny Hill was convicted of murder and sentenced to death before this Court's decision in *Atkins* v. *Virginia*, 536 U. S. 304 (2002), which held that it is unconstitutional to execute people with intellectual disabilities. In response to *Atkins*, Hill filed a petition for state postconviction relief.  Despite a mountain of record evidence to the contrary, the state courts held that Hill was not intellectually disabled.  On federal habeas review under the Antiterrorism and Effective Death Penalty Act (AEDPA), a unanimous panel of the Sixth Circuit concluded that the state courts unreasonably determined the facts, and ordered relief as to Hill's death sentence.  Specifically, the Sixth Circuit ruled that the state courts "failed seriously to contend with the extensive past evidence of Hill's intellectual disability" by "exclud[ing] or discount[ing] past evidence of intellectual disability" and engaged in "cafeteria-style selection of some evidence" over other evidence.  *Hill* v. *Anderson*, 960 F. 3d 260, 270 (2020) (*per curiam*).  The Sixth Circuit took the case en banc, vacated the panel decision, and in a deeply divided decision, affirmed the District Court's denial of habeas relief.

As the seven dissenting judges observed, "[n]o person looking at this record could reasonably deny that Hill is intellectually disabled under *Atkins*."  11 F. 4th 373, 400 (CA6

2021) (opinion of Moore, J.).  Before Hill filed his state peti-
tion for postconviction relief, he had been diagnosed with
intellectual disabilities approximately 10 times, beginning
at age six.  He scored 70 or below on every IQ test he took
during his school years.  The record before the state courts
also revealed significant limitations in Hill's functional ac-
ademics, self-care, social skills, and self-direction.  He could
not sign his own name, never lived independently, was
"'functionally illiterate'" at school and in prison, could not
read or write above a third-grade level, and could not per-
form a job without substantial guidance from supervisors.
*Id.*, at 407.  He has never been able to take care of his own
hygiene independently; even in the rigidly organized envi-
ronment of prison, he will not shower without reminders.
All three medical professionals who testified at the mitiga-
tion phase of Hill's trial concluded that he was within the
range of intellectual disability, see *State* v. *Hill*, 177 Ohio
App. 3d 171, 177, 2008-Ohio-3509, ¶¶ 8–11, 894 N. E. 2d
108, 112, and the trial court found the record indicated that
Hill was "'mildly to moderately retarded.'" 11 F. 4th, at 381
(majority opinion).

   For the reasons urged by Judge Moore in her dissent be-
low, I would summarily reverse the en banc court's denial
of habeas relief.  There is overwhelming record support for
the fact that Hill has intellectual disabilities, as the state
courts recognized at his trial and on direct appeal.  It was
only by discounting extensive past evidence of intellectual
disability and focusing myopically on Hill's highly struc-
tured interactions with law enforcement, prison officials,
and the courts that the state postconviction courts came to
a different conclusion.  At a minimum, future courts and, if
the time comes, the Ohio Parole Board, should remember
that a federal court's conclusion that a state court's decision
was not "unreasonable" under AEDPA does not mean it was
correct.  As the en banc Sixth Circuit itself acknowledged,
there is no question that jurists "could have reasonably

reached the opposite conclusion" as the Ohio courts with respect to Hill's intellectual disability, and therefore whether he is constitutionally eligible for the death penalty. *Id.*, at 395.